Good morning, Your Honors. May it please the Court. My name is Holly Cooper and I represent the petitioner, Romeo Ramirez Garcia. Your Honors, the jurisdiction statute in this case mandates that if no material issues of fact exist, the Court must decide petitioner's nationality claim. Petitioner contends that but for the erroneous admission of a purported affidavit from petitioner's father, that no material issues of fact exist. And petitioner urges this Court to find the purported affidavit inadmissible for two reasons. The first reason is that it's unauthenticated. And the second reason is because its admission is fundamentally unfair. First, this Court in Espinoza v. INS and Iran v. INS required authentication. Here, viewing the I-213, the record of inadmissibility and deportability, in conjunction with the affidavit that was prepared by INS, it was not properly authenticated because the INS, the then INS, and the current INS failed to attach a signed statement certifying that the document is what it purports to be. Sotomayor, what in your view is the minimum that's required in the immigration hearing context for an affidavit or declaration to be admissible since the formal rules of evidence don't apply? A minimum, according to this Court, is that it must comport with due process. And counsel would interpret that to be something in line with the Federal rules of evidence and also with the regulations. Specifically, what does that mean? That means, I'm sorry, Your Honor, excuse me. No, that's okay. That the form is what it purports to be. That there's a certification attached to the public document that says that this, in fact, is a copy of a government-prepared form and that it is a part of Mr. Ramirez Garcia's immigration file. This Court gave an example in Espinoza of a properly authenticated document and found, in essence, that that was sufficient, where there was a certification. Let me ask you what this affidavit is prepared with an oath. I swear that I will tell the truth, the whole truth, and nothing but the truth, so help me God. And it is witnessed by two people. So I guess I'm not really sure what it is that's missing in your view. And Petitioner would urge that this Court, in Singh v. INS, looked at a similar signature of a Petitioner and found that the Petitioner's signature in that case was a nonstarter, because if there was evidence that the form or the document was unreliable, that perhaps if the Petitioner, if the reliability has been impugned, then the signature stating that this was read to him under penalty of perjury interpreted in Spanish may be undermined. Moreover, Petitioner would argue that even if that was true, we have, there have been witnesses in this case that have undermined the credibility of the declarant,  Sotomayor Well, they disagreed with him, but all that does, it seems to me, is create an issue of fact. But no, however, that's correct. Well, Your Honor, the fact of his credibility in that there's been testimony that he cannot do basic mathematics, there's testimony from Bertha Ramirez saying that Petitioner's father, the declarant, couldn't do basic mathematical equations such as 2 plus 2. And if the very essence of the question is that there isn't any mathematical equation in this, I'm not really sure where that gets you. It gets us to the heart of the affidavit. The affidavit, the purported affidavit, serves to calculate the 10 years of residence of the mother. And if Petitioner's father was before an immigration officer seeking to testify about when his mother or his, excuse me, his wife lived in the United States, he would have to do some sort of mathematics to figure out when she lived in the United States. Moreover, the Petitioner's father was an educated individual. And this Court in CUNIN recognized that terms like residency can require a certain level of sophistication for an individual to figure out what residency in fact means. And this Court in Balasabraman also indicated that the form has to evince on its face what sort of techniques were used in the preparation of the document. And here, when we look at the document, we don't, we don't, we cannot tell whether this INS officer was fluent in Spanish. And thus, it may not be, this Court in cases has looked to determine whether the translator can serve as a language conduit. In other words, whether the declarant and the translator statement merge into one. And the Court has looked at whether or not the person had any sort of motive to misrepresent, and also looked at whether the translator, who they were working for, who was their agent, and whether or not the interpreter was qualified. Sotomayor, if there, if there were an issue of fact, who is the right court or entity to decide that issue of fact? Well, according to the statute, the jurisdictional statute in this case, if there is a material issue of fact in this case, then it's clear that the mandate is that this Court shall transfer the case to the district court in which the Petitioner resides. So if this Court were to determine that there were a material issue of fact, then in essence, it would divest this court of jurisdiction of the case, and it would necessitate a transfer to the district court. And that statute is. Would the issue of fact arise if the affidavit that you're contesting was accepted? Correct, Your Honor. It would be Petitioner's position that if that affidavit were admitted, then there would be a material issue of fact as to the, when Petitioner's mother, the person from whom he is seeking to acquire citizenship, what year, how many years she lived in the United States. With the father, Eduardo Ramirez's affidavit, there's about two years shy of the 10 years required. However, the other witnesses in the case have attested to at least the 10 years that the mom resided in Arizona during her adult years, as well as her from birth to year 6. However, Petitioner would also urge that the submission of the affidavit violates due process and that he was not given an opportunity to cross-examine the, neither the INS officer who assisted in the preparation of the affidavit, Officer Meeks, nor was, he wasn't able to cross-examine the declarant because the evidence shows he was deceased. But he would argue that his inability to cross-examine the INS officer violates due process. And this Court has held, both in Baliza as well as in Hernandez-Guardarama, that the statute, as well as due process, requires that Petitioner's be able in And it's the government's burden to show that that hearsay declarant is unavailable. And Petitioner would urge that the government has not shown that the INS officer in this case was unavailable. Was an objection made to the foundation of the document? That's an excellent question, Your Honor. First of all, in the first proceedings before the immigration court, there was not an objection made. However, Petitioner, that counsel was a subject of an ineffective assistance of counsel claim. And during the request for remand, the Petitioner did object to the document's admissibility. If it pleases the Court, I would like to reserve the remaining time for rebuttal. Certainly. Thank you. That would be great. Good morning, Your Honors. Anne Welhoff, a respondent, United States Attorney General Holder. May it please the Court. To start, I want to clarify that before this Court, to the extent that we do have on review an evidentiary ruling by the immigration judge, that is before this Court on an abuse of discretion standard, and that's an extraordinarily deferential standard of review and I think important in this case. To the extent that the Court agrees with this respondent that there was nothing improper about admitting the evidence, we are just left with basically a factual, substantial evidence question. That being, once that document's in, did the factual evidence, as weighed by the immigration judge, rebut the presumption of alienage? And that's a factual question here on substantial evidence, and it's also Respondent's position that the evidence does not compel a contrary conclusion if you get to the weighing of the evidence. Why isn't opposing counsel correct about the procedure to be followed if there is an issue of fact regarding citizenship? Why wouldn't this be a transfer situation? Well, if there is a genuine issue of material fact, that's correct, Your Honor. The district court is the evidentiary gathering body, and it would in fact be the proceeding that would need to occur. But we do not, Respondent believes in this case, there is no genuine issue of material fact. And I think it's very important at this point for the Court to do that. Sotomayor, let me just slow you down just so I can keep track of your argument. Is the length of time during which the mother resided in Arizona a material, factual point? I believe that it is. There is evidence in both directions, and the Court had to weigh that evidence and decide which was deserving of more weight. Let's get back to the evidentiary proceeding, because that is the only place where an evidentiary objection should have been made, and in fact absolutely was not made. Now, Petitioner's counsel at the time, and I think as the Court reviews this extended evidentiary record in this case, it's fairly lengthy, but I would, I'm going to invite the Court to several different areas where it's overwhelmingly clear that the immigration proceeding was fundamentally fair, that this Petitioner received the process to which he was due, a fair hearing and opportunity to present evidence on his behalf. At the evidentiary hearing, the first one, Petitioner's counsel is correct, there was no evidentiary objection, and the documents were admitted. In fact, when they were admitted, the immigration judge bent over backwards to allow Petitioner additional time to rebut it. He went on to a lengthy discussion at, I would point the Court to, administrative record starting at page 444 of, explain to Petitioner, this is what this evidence says, the affidavit from your father, I'd like to give you some time to gather your own evidence, and he granted a continuance for that purpose. Ultimately, Petitioner was not successful at that first hearing and did receive a reopening of his case. But I think it's important, as the Court looks at the remand motion, there is some allegations of ineffective assistance of counsel. Absolutely none of those allegations pertain to this document or the lack of authenticity or that it should not have been admitted or that the attorney was ineffective for not objecting. In fact, no mention at all, administrative record at page 345 to 350. You will see there's five reasons given. None of them have anything to do with that document. So when the case goes back to the immigration judge, and now Petitioner is, in fact, represented by current counsel, again, there is no mention in that entire evidentiary proceeding that there was anything improper about the immigration judge letting that document in. He can't abuse his discretion if nobody presents any objection to him. There's absolutely none. Kennedy, was it mentioned at all before the board? Well, I'm going to get to that. The first time we see any hint that there's a problem, that somebody doesn't like this document coming into evidence, the very first time we see it is after the second remand hearing, and I would refer the Court to the very end of that proceeding, when the immigration judge says to Ms. Cooper, I want to make sure we're all on the same page. I think he uses the word sheet of music. And he says, let's go over the exhibits again. The immigration judge painstakingly goes through every single exhibit, including Exhibit 7, and says, is there any issues with these exhibits? Ms. Cooper responded, no, there was not. At that point, the immigration judge goes on record, and he says to her, and both of the parties, he says to the government, I'm going to keep the record open, because the government, during that proceeding, there was some question as to whether Petitioner had previously been ordered removed, because there was a drug conviction in 77, there was a little confusion about what happened with that proceeding. So the government was given the opportunity to submit at the close of the proceeding in order to show cause from 1977, which is in this file. And the government was also offered evidence that Petitioner received a 212C waiver in the 80s pertaining to that very first order to show cause. The judge says to Ms. Cooper at that point, if the Department doesn't submit anything by the 19th, obviously you won't have anything further to submit. If you have anything independent you would like to submit, I mean, the record is open. So if the Department doesn't submit anything, but you run across something that you feel might be beneficial to the Court, you can submit it to me. This Petitioner was overwhelmingly afforded fair process in his removal hearing at the evidentiary level. At every turn, he was granted continuances and opportunities to rebut this evidence. There's nothing fundamentally unfair, particularly when nobody objected to it. Back to Your Honor's question. The first time we hear there's any problem with the document is at the end of the removal proceeding. The judge allows the parties to submit a written closing argument. Petitioner does so. That's the first time we see that they don't like Exhibit 7, the affidavit and the Form I-213. However, again, I would refer the Court to the administrative record and that even at that point she's not objecting to the evidence. Admission. She's stating it should be given no weight. I will refer the Court to her closing argument. It's at administrative record 263. And I quote from her bold-faced argument. The 1978 affidavit is of questionable value. Mr. Garcia objects to the 1978 affidavit any significant weight. The entire discussion she talks about how it should not be given weight. That's an entirely different inquiry than whether it should have come into evidence entirely different. We're just at a factual weighing of the evidence at that point. Again, no objection. And the first time we do see finally, okay, it should never have come in, is at the proceeding before the board in her brief to the board. At that point is the first time the Court will see an evidentiary problem with it. But at that point, the evidentiary proceeding is closed. We're before an appellate panel at this point. The evidence is closed. So primarily, there's no abuse of discretion if the judge didn't rule on any evidentiary objections. Additionally, this ---- Let me ask something about the question of fact. If the immigration judge says, well, we've got some affidavits saying there was a 10-year residence. We have Exhibit 7, which basically establishes there weren't 10 years. And I find that to be more weighty than the contrary evidence. And the Court then resolves, what's a conflict of factual evidence? Do we have to remand that all over again? No, Your Honor, because at that point, once we get past the proper admission of the document, we are on a factual weighing of the evidence, which this Court would review for substantial evidence. And this Court will review whether the immigration judge properly found that the presumption was not rebutted. That's a factual weighing. I think it's a slightly narrower ---- if I understand Judge Campy's question, it's kind of what I was trying to get at earlier. When the factual issue in the record, assuming the affidavit is properly in the record, there's a factual dispute. If there's a factual dispute about citizenship, is the BIA entitled to say that the Petitioner has not carried his burden of proof because it's not clear that he's a citizen, or do they have to or is this something that must be decided by a district court when that's the specific issue?  Hopefully I can narrow my answer. The question of citizenship is ultimately, yes, a factual question that would have to go to the evidentiary tribunal district court. However, what we had happen here is we had a presumption of alienage attached with a foreign birth certificate. I think all parties agree with that. At that point, alienage is presumed. In order to kick the ---- get rid of that presumption, rebut it, there would have to be substantial convincing evidence that, in fact, he's not an alien. And the immigration judge decided that that evidence didn't rebut the presumption of alienage. If you're an alien, you can't be a citizen. So the ball, the ping-pong game of back and forth of presumption and rebutting the presumption back, it never went back to the Department of Homeland Security in this case. Alienage was presumed. Removal has been conceded, or grounds for removability are conceded here. And so to the extent that the Court finds, and I believe the Court should find, that the document was properly admitted, I also believe substantial evidence grounds the immigration judge's decision that the presumption was not rebutted. We have the testimony ---- the only person with any personal knowledge of the living  The immigration judge weighed that heavily. The two sisters that testified admitted they had no personal knowledge and that they were 2 and 4 years old at the time, that anything they know about their mom's whereabouts were told to them. That there's no personal knowledge there. To the extent there's an affidavit from someone who says that they are Petitioner's aunt, the sister of the mother, there ---- again, that's a hearsay declarant, which she ---- which Petitioner does have. I mean, our ---- that's hearsay as well. But in any event, the Court chose to not place a lot of weight on that. And Petitioner's counsel did make some statements at the evidentiary hearing that Ms. Cordova is infirm or old and her memory is just blank. As Petitioner points out, she didn't fill in the blank, but the statement doesn't really need finishing. She said she ---- the Court said, do you want to go get an affidavit from this individual? And she said no. She's old. Her memory is well blank. It doesn't ---- it's self-evident what she meant. And finally, there's an affidavit from someone who said ---- who's the uncle of Petitioner. That is ---- is patently not worthy of weight, as the judge noted. And the reason is, if you look at the motion to remand in this case, Petitioner's counsel, present counsel, specifically says that Mr. Cordova is old and cannot remember things. That's in her affidavit in the motion. Sotomayor, you have well exceeded your time, and I think we understand your position. Thank you, Your Honor. In closing, it was not an abuse of discretion for the immigration judge to admit the document, and substantial evidence grounds the agency's decision. Thank you. Thank you. And you have a little bit of rebuttal time remaining. Thank you, Your Honor. Your Honors. First of all, in response to the Respondent's contention that Petitioner waived any objection to the purported affidavit, the affidavit that's at issue, first of all, in the record it's clear that before the Board, when the allegations of ineffective assistance were made, there was a legal argument made as to authentication as well as due process. I would point to the administrative record at 330, as well as it was made before the immigration judge again in briefing and in closing argument. In fact, on page 63 of the administrative record, the immigration judge even addresses authentication and Petitioner's objections to the affidavit. Moreover, if this Court finds somehow that Petitioner did waive objection, then this Court should consider whether the government has waived their assertion of waiver, because the government never asserted before the Board or even in their answering brief before this Court that Petitioner had waived an objection. In fact, their sole assertion rested on exhaustion, and there was no indication at all in the briefing that Petitioner had waived the objection. So therefore, under this Court's precedent in Tocatli, Huerta Guevara, as well as Norwood, this Court has steadily held that an individual or, excuse me, the government as well as Petitioner can waive waiver, and here that's exactly what happened. Moreover, the waiver doctrine does not apply to the Fifth Amendment's protection here to lack of confrontation of witnesses. This Court has also held that the waiver doctrine, one cannot waive an objection if what one is asserting is that they were not able to confront a hearsay declarant. Thank you, Your Honors. Thank you, counsel. We appreciate the arguments of both parties. And the case just argued is submitted.
judges: Fletcher B. , Canby, Graber